UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff

                DECISION and ORDER

-vs-

                15-CR-6095

IAN D. GOOLSBY

                Defendant

_____

This case was referred by text order of the undersigned, entered June 23, 2015 to Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), ECF No. 8. On August 3, 2015, Defendant filed an omnibus motion, ECF No. 12, seeking *inter alia,* suppression of evidence. More specifically, Defendant sought to suppress statements made and evidence seized on March 11, 2015, during the search of the 2015 Chevrolet Cruz automobile which he was operating. In that regard, an evidentiary hearing was held on February 1, 2016, ECF No. 17. On July 15, 2016, Magistrate Judge Feldman filed a Report and Recommendation ("R&R"), ECF No. 28, recommending that Defendant's application to suppress tangible evidence and statements be denied. Defendant timely filed objections to the R&R on August 22, 2016, ECF No. 30, in which he "objects to Magistrate Judge Feldman's denial of the defense motion to suppress as it pertains to the seized tangible evidence, which are the drugs and firearm found in the vehicle." Objections to Magistrate Judge's Report and Recommendation, p.2.[1]

---

[1] Defendant did not object to Magistrate Judge Feldman's recommendation that the motion to suppress statements be denied

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. Upon a *de novo* review of the R&R, including a review the transcript of the evidentiary hearing held on February 1, 2016, ECF No. 18, as well as exhibits received into evidence, the Court accepts the proposed findings and recommendation.

Additionally, another basis exists for rejecting Defendant's contention that any statements made and evidence seized must be suppressed, since they resulted from the illegal stop of the motor vehicle that he was operating. As pointed out by Magistrate Judge Feldman in Footnote 5 of his R&R, "'an officer's use of a traffic violation as a pretext to stop a car in order to obtain evidence for some more serious crime is of no constitutional significance.' *United States v. Dhinsa*, 171 F. 3d 721, 724-725 (2d Cir. 1999), citing *Whren v. United States*, 517 U.S. 806, 813, 815-819 (1996)." Based upon its review of the evidence adduced at the February 1, 2016 hearing, the Court finds that prior to the challenged traffic stop, Officer Miller observed the defendant commit a violation of New York State Vehicle and Traffic Law Section 1163(b), which requires that "[a] signal of intention to turn right or left when required shall be given continuously during not less then the last one hundred feet traveled by the vehicle before turning." As the New York Court of Appeals stated,

> where a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation, a stop does not violate article I, § 12 of the New York State Constitution. In making that determination of probable cause, neither the primary motivation of the officer nor a determination of what a reasonable traffic officer would have done under the circumstances is relevant.

*People v. Robinson*, 97 N.Y.2d 341, 349 (2001). Moreover, there is no dispute that upon stopping the defendant's vehicle, Officer Miller smelled marijuana and that upon being told

by Officer Miller that he smelled marijuana, Defendant responded that he had smoked marijuana earlier. Officer Miller, based upon the smell of marijuana and pursuant to the automobile exception, had the right to search Defendant's vehicle and any containers within the vehicle where marijuana might be stored. *United States v. Ross*, 456 U.S. 798 (1982), *see also United States v. Brock*, 2016 WL 3743242 (W.D.N.Y. July 13, 2016). On this basis, the Court also finds that Defendant's application to suppress the firearm and drugs found in the vehicle must be denied.

Accordingly, for the reasons set forth in Magistrate Judge Feldman's R&R, ECF No. 28, and those discussed by the Court above, Defendant's application to suppress statements and tangible evidence, ECF No. 12, is denied.

IT IS SO ORDERED.

Dated:   Rochester, New York
         December 20, 2016

                        ENTER:


                                        /s/ *Charles J. Siragusa*
                                        CHARLES J. SIRAGUSA
                                        United States District Judge